# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE MACK YOUNG,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | No. 16-6406 |
| | : | |
| **ROBERT GILMORE,** | : | |
| Respondent. | : | |

Goldberg, J.                                                                                                            November 14, 2017

## **MEMORANDUM OPINION**

Currently pending before me is Petitioner Willie Mack Young's Petition for Writ of Habeas Corpus. On May 31, 2017, Chief United States Magistrate Judge Linda K. Caracappa issued a Report and Recommendation recommending that the Petition be denied as untimely. Although Petitioner did not file objections, he has submitted a "Declaration" vaguely alleging "technical defects" concerning statutory and equitable tolling. Upon review of the entire record, I find that Petitioner's habeas claims are indeed time-barred.

## I.    FACTUAL HISTORY

On April 18, 2011, Petitioner was charged with one count of aggravated assault and one count of disorderly conduct after swinging a one-and-a-half foot knife at the victim. (Response to Petition for Writ of Habeas Corpus ("Response"), Ex. A.) Following extensive pre-trial motion practice, Petitioner's case proceeded to a jury trial before the Honorable Dennis E. Reinaker, President Judge of the Lancaster County Court of Common Pleas. (Id., Ex. a.) On May 15, 2012, a jury found Petitioner guilty of the charges. (Id.) Petitioner was sentenced to not less than five and not more than ten years' incarceration. (Id., Ex. c.)

Following the withdrawal of trial counsel, Petitioner filed a *pro se* motion for post-conviction collateral relief. (Id., Ex. f.) By agreement of the parties, post-conviction relief was granted and Petitioner's direct appeal rights were reinstated *nunc pro tunc*. (Id., Ex. h.) On November 9, 2012, Petitioner's appellate counsel filed a post-sentence motion. (Id., Ex. i.) The trial court denied Petitioner's appeal on December 26, 2012, and issued its memorandum opinion on February 27, 2013. (Id., Exs. j and k.) Petitioner then filed a timely, counseled appeal to the Pennsylvania Superior Court (id., Ex. l), which affirmed the judgment of sentence in a memorandum opinion dated September 13, 2013. (Id., Ex. m.) On April 4, 2014, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. (Id., Ex. o.)

Petitioner filed a *pro se* motion for post-conviction collateral relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") on December 10, 2014. (Id., Ex. p.) The state court appointed counsel and granted petitioner leave to file an amended petition. (Id., Ex. q.) Shortly thereafter, counsel filed a no-merit letter and a motion to withdraw, which the state court granted on May 11, 2015. (Id., Ex r.) On June 5, 2015, Petitioner filed a *pro se* request for a hearing *en banc*, which the state court recharacterized as a notice of appeal. (Id., Exs. w, x.) The Pennsylvania Superior Court dismissed Petitioner's appeal on October 29, 2015, for failure to file a brief. (Id., Ex. AA.)

On December 12, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus alleging various claims of misconduct by the police, the Commonwealth, and the state court, as well as claims of ineffective assistance of counsel. The case was referred to Chief United States Magistrate Judge Linda K. Caracappa, who filed a Report and Recommendation ("R&R") on May

31, 2017, recommending that the Petition be dismissed as untimely. On June 19, 2017, Petitioner filed objections[1] to the R&R.[2]

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C), Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

As set forth above, the R&R recommends that the Petition for Writ of Habeas Corpus be denied as time-barred. Petitioner now contends, without further explanation, that there are "technical defects" regarding statutory and equitable tolling. While I find no merit to Petitioner's objections, I write to correct what I believe to be an error in calculating the expiration of the statute of limitations.

---

[1] Petitioner captioned his objections as a "Declaration." Subsequently, he filed a Motion for Leave to File an Amended Caption, seeking to re-style his "Declaration" as an "Answer." While I will grant that Motion, I will liberally read the Declaration/Answer to be Petitioner's objections to the R&R. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (holding that a document filed *pro se* is "to be liberally construed" so as to do "substantial justice") (citations omitted).

[2] Under Local Rule of Civil Procedure 72.1(IV)(b), objections to a report and recommendation are due fourteen (14) days after service of the report on the objecting party. Although Petitioner's objections were not filed in this Court until nineteen days after the Report and Recommendation, Petitioner's certificate of service reflects that he submitted the objections to prison authorities for mailing on June 12, 2017. Under the "prisoner mailbox rule," the objections are timely filed. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

3

The R&R correctly noted that petitioner had a strict one-year time limitation for filing his habeas petition that began on "the date that the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"—*i.e.*, July 4, 2014. (R&R (quoting 28 U.S.C. § 2244(d)(1)(A) (1996).)  In addition, the R&R properly found that the one-year statute of limitations was tolled during the pendency of Petitioner's properly-filed PCRA petition, which was filed on December 10, 2014.  The R&R, however, (1) incorrectly calculated the time between the date that judgment became final and the date the PCRA petition was filed, and (2) improperly determined the date that statutory tolling ended.

First, the R&R found that 164 days elapsed between July 4, 2014 (the date that judgment became final on Petitioner's direct appeal) and December 10, 2014 (the date Petitioner filed his PCRA petition).[3]  A correct calculation reveals that only 159 days elapsed between those two dates.

Second, the R&R found that statutory tolling ended and the federal statute of limitations began running again on October 29, 2015, when Petitioner's appeal of his PCRA petition was dismissed by the Pennsylvania Superior Court for failure to file a brief.  The United States Court of Appeals for the Third Circuit, however, has expressly held that a PCRA petition remains pending "during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision [by filing a petition for allowance of appeal to the Pennsylvania Supreme Court] whether or not review is actually sought" and, therefore, the statute of limitations for filing a habeas petition is tolled during that time.  Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000).  The time for petitioning the Pennsylvania Supreme Court for allowance of appeal is thirty days.  Pa. R.

---

[3]  The R&R stated that when Petitioner's one-year statute of limitations began to run again after the period of statutory tolling ended, Petitioner had only 201 days left to file a timely federal habeas petition (R&R at 5.)  To reach that number, the R&R would have had to assume that 164 days out of the 365-day limitations period had already elapsed.

4

App. P. 1113(a). Accordingly, the Petitioner's federal statute of limitations did not begin running again until November 28, 2015—thirty days after the Pennsylvania Superior Court dismissed Petitioner's appeal of his PCRA petition.

Nonetheless, even with these corrections in the calculations, Petitioner's habeas petition remains untimely. As set forth above, 159 days of the one-year limitations period elapsed between the date Petitioner's conviction became final and the time Petitioner filed his PCRA petition. The statute of limitations then continued to toll from December 10, 2014 to November 28, 2015, after which Petitioner had 206 days left in which to file his habeas corpus petition, *i.e.* until June 21, 2016. He did not do so, however, until December 12, 2016, more than five months after the federal deadline expired.

I also find no basis for equitable tolling. As noted in the R&R, equitable tolling applies in three circumstances: (1) when a defendant has actively misled a petitioner; (2) when petitioner has, in some extraordinary way, been prevented from asserting his rights; and (3) when a petitioner has timely asserted his rights mistakenly in the wrong forum. (R&R at 5 (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1998).) Petitioner's objections make no specific equitable tolling assertion. Rather, Petitioner baldly cites to the Pennsylvania Supreme Court case of Commonwealth v. Burton, which held that the state public record presumption—that information of public record cannot be considered "unknown" for purposes of proving the newly-discovered facts exception to the time requirements of the PCRA—does not apply to a *pro se* prisoner. 158 A.3d 618 (Pa. 2017). Aside from the fact that Burton concerns only untimely state PCRA petitions, not untimely federal habeas petitions, Petitioner has not identified any crucial facts that became known to him after his federal statute of limitations expired. I can discern no other basis on which to apply equitable tolling.

5

## IV. CONCLUSION

Having fully reviewed the parties' submissions in this case, as well as the state court record, I will adopt the R&R, as amended by this Memorandum, and dismiss the Petition for Writ of Habeas Corpus as untimely. An appropriate Order follows.